OPINION of the Court, by
Ch. J. Boylk
— This was an action of detinue for a slave, brought byThe d«fendants in error, claiming as devisees under the will of Philip Grimes, deceased, against the plaintiff in error, who was the executor.
The main question is, whether they could maintain the action without shewing that the executor had assented to their Caking the slave devised to them ?
jt ¡ jj settjec} that if a devise be of a chattel, the devisee (or as he is more properly denominated the le~ gatee) can have no remedy at law, without shewing that the executor has assented to h¡s taking the thing devised ; for the legal right of chattels is by operation of law vested in the executor ; and so complete is his title, that if the legatee of a specific chattel intermeddle therewith without the consent or leave of the executor, be will be liable to an action of trespass or trover. But with respect to real estate, the law is different. Where the testator is possessed of an estate in fee or for life, and devises the whole or any part of his interest therein, the interest so devised will immediately on the death of the testator pass to the devisee, who may without the consent of the executor enter upon and enjoy it — Cok. Lit. 111 a. Perk. sec. 488, 570 and 572.
By an act approved November 26th 1800, it is declared “ that slaves, so Lr as respects last wills and testaments, shall hereafter within this commonwealth be held and deemed as real estate, and shall pass by the last will and testament of persons possessed thereof, in the same manner, and under the same regulations, as landed property.” This provision is too explicit to admit of doubt, or require the aid of construction to de-velope its meaning. By its operation the legal title of a slave which is devised, is immediately transferred t« the devisee, and the assent of the executor is not necessary to entitle him to the enjoyment of it.
The judgment must be affirmed, with costs.